**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DEBORA LOUISE GAETANO,**

        **Plaintiff,**

**-vs-**                                          **Case No. 6:15-cv-1960-Orl-DAB**

**SPRINGBOARD NON-PROFIT**
**CONSUMER CREDIT,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. No. 5)**
>
> **FILED:**        **January 11, 2016**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

The matter comes before the Court on Plaintiff's second application to proceed as a pauper, after her first application, directed to her initial Complaint, was denied, without prejudice, due to a lack of sufficient facts pled to evaluate diversity jurisdiction. Plaintiff files the instant motion and has amended her complaint (Doc. 6). Upon review of the amended documents, the Court finds Plaintiff has still not adequately pled facts supporting the exercise of diversity jurisdiction.

As set forth in the prior Report (Doc. 3) adopted by the District Court (Doc. 4), parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the

underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (*i.e.,* "a civil action arising under the Constitution, laws, or treaties of the United States") in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and §1332. Here, the Complaint purports to be brought "under Workers Compensation Retaliatory Discharge, Florida Statute, Title XXXI Chapter 440.205" (Doc. 1). As this is an action brought pursuant to state law, Plaintiff must plead plausible facts establishing diversity jurisdiction.[1]

A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. *See Owen Equip. and Recreation Co. v. Kroger,* 437 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). In order to achieve complete diversity no party plaintiff may be a citizen of the same state as any of the defendants. *Owen Equipment*, 437 U.S. at 373.

In the instant Complaint, Plaintiff claims to be a "citizen of the United States," "domiciled" in Saint Cloud, Florida. This allegation is sufficient with respect to Plaintiff's citizenship as "citizenship means domicile" for diversity purposes. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).

With respect to Defendant's citizenship, however, Plaintiff alleges that Defendant "lives at, or its business is located at 4351 Latham St., Riverside CA 92501." Residency, however, does not equate to the citizenship necessary for diversity jurisdiction. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268–69 (11th Cir. 2013). For diversity purposes, a corporation is a citizen of (1) its state of

---

[1] Although 28 U.S.C. §1445(c) prohibits removal of state workers compensation cases to federal court, the instant action was filed originally in this court. Thus, if diversity jurisdiction is established, the action may proceed here. *See Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 350–54 (1961)).

incorporation; and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Although a company may conduct business in multiple places, the Supreme Court has determined that "principal place of business" for a corporation is its nerve center: "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181, 1192- 93, 175 L.Ed.2d 1029 (2010) (establishing "nerve center" test as uniform approach for determining corporate citizenship). The instant Complaint fails to plead sufficient facts establishing where Defendant was incorporated and the State where it has its *principal* place of business. As such, the Court still does not have sufficient jurisdictional facts to evaluate its citizenship.

Although the application appears to establish that Plaintiff is, indeed, a pauper, the instant Complaint does not establish a cognizable claim within the limited jurisdiction of this Court. It is therefore **respectfully recommended** that the application be **denied, and the Complaint be dismissed without prejudice** to one more chance to properly plead diversity jurisdiction. Should this report be adopted, Plaintiff should be given leave to refile her application accompanied by a second amended complaint which sets forth more particularized allegations of the parties' citizenship and a cognizable claim within the limited jurisdiction of this court.

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on January 14, 2016.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy